UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA )
)
v. ) Case No. 5:14-cr-58
)
JOHN PILCHER, )
)
Defendant. )

**ORDER**
**(Docs. 104, 118, 126, 131, 132)**

The Magistrate Judge issued a Report and Recommendation (R&R) on May 11, 2020. (Doc. 131.) Defendant Pilcher, who represents himself, has filed an Objection to the R&R. (Doc. 134.) After review of the file and the Magistrate Judge's thorough Report and Recommendation, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

**Analysis**

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

**I.    Background**

As noted in the R&R, Pilcher has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside the sentence imposed in 2016 as a result of his plea of guilty to one count of knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). (Doc. 104.) Pilcher has served the 8-month prison term of his sentence and seeks relief from the terms of

supervised release to which he agreed in the plea agreement. (Doc. 68.) The focus of Pilcher's § 2255 Motion and his Objection to the R&R is a legal argument regarding the applicability of *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), to Pilcher's sentence.

In *Packingham*, the Supreme Court ruled that a North Carolina statute making it a felony for a registered sex offender "to access a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain Web pages" violated the First Amendment. *See* N.C. Gen. Stat. Ann §§ 14-202.5(a), (e) (2015). The Court held that "to foreclose access to social media altogether is to prevent the user from engaging in the legitimate exercise of First Amendment rights." *Packingham*, 137 S. Ct. at 1737.

Pilcher seeks to extend the First Amendment principle recognized in *Packingham* to his own conditions of supervised release. He seeks to challenge "the infringement of my rights beyond what the Supreme Court has since deemed constitutional." (Doc. 104 at 4.) He specifically identifies conditions "prohibit[ing him] from participating in Facebook/Twitter and any social media websites." (*Id.* at 5.) He identifies a politically oriented blog which provided him with an outlet "to discuss politics and news events" as well as personal and business use of Facebook and Twitter.

Pilcher contends that the terms of his supervised release are inconsistent with the Supreme Court's decision in *Packingham*, and that, had *Packingham* been decided prior to Pilcher's acceptance of the plea deal, he would not have agreed to the conditions of supervised release that now bind him. (Doc. 104 at 6.) In response, the Government argues that Pilcher's § 2255 motion is barred by the statute of limitations and that Pilcher's reliance on *Packingham* does not implicate the exception set forth in 28 U.S.C. § 2255(f)(3) and described in *Teague v. Lane*, 489 U.S. 288 (1989). (Doc. 118 at 2.) The Government also argues that Pilcher's request is

more accurately characterized as a motion to modify the conditions of release under 18 U.S.C. § 3583(e), and that the *Packingham* decision does not authorize such a modification. (Doc. 118 at 5–6.)

The R&R concludes that Pilcher's appeal is barred by the one-year statute of limitations set by 28 U.S.C. § 2255 (Doc. 131 at 6–7) and by the rule of procedural default (Doc. 131 at 8–9). The R&R also concludes that, even in the absence of these procedural bars, the *Packingham* ruling does not apply to conditions of supervised release. (Doc. 131 at 10–12.) Pilcher objects to the R&R's decision regarding the application of *Packingham* to his claim and argues that the retroactive application of *Packingham* enables his § 2255 Motion to overcome the procedural bars. (Doc. 134.)

## II. Relevance of *Packingham*

### A. *Packingham* and the § 2255 Statute of Limitations

Section 2255 imposes a one-year statute of limitations on motions to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). The limitations period runs from the date of conviction unless one of three exceptions applies. *Id.*

In his Objection, Pilcher renews the argument in his original § 2255 motion that the Supreme Court's decision in *Packingham* brings his challenge within the exception created by § 2255(f)(3) (Doc. 134 at 3), which grants a one-year period to file starting on "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 225(f)(3). Specifically, Pilcher objects to the Magistrate Judge's conclusion that "the Court in *Packingham* did not make any newly recognized right retroactive to cases on collateral review." (Doc. 131 at 7)  He writes:

> The Supreme Court would not waste its time to review a case if it did not have some broad message to send and want its opinion to be interpreted at least

3

> somewhat more broadly than the specifics of a given case. . . . [O]ne must assume that when it takes so long for the Court to speak out on such critically important topics as the these that it does so with great intent to speak to a broad issue with profound importance.

(Doc. 134 at 13.) Alternatively, Pilcher objects to the Magistrate Judge's determination that he is not entitled to equitable tolling. (*See, e.g., id.* at 18.) Upon review, the court agrees with the Magistrate Judge that neither of these exceptions operates to extend the limitation period beyond the one year following final judgment.

Section 2255(f)(3) anticipates that in appropriate cases, the federal courts may apply a Supreme Court decision retroactively despite the expiration of the one-year statute of limitations. In such cases, the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The statute requires two events: a right newly recognized by the Supreme Court and a judicial ruling that the right applies retroactively. *See Dodd v. United States*, 545 U.S. 353 (2005). It is generally accepted that the second requirement may be furnished by a decision at the circuit or district levels. *See Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001) ("District and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review."); *United States v. Olvera*, 775 F.3d 726, 730, fn.11 (5th Cir. 2015) ("[Section] 2253(f)(3) does not require that the retroactivity determination must be made by the Supreme Court itself.").

There can be little doubt that the *Packingham* decision applies prospectively to limit the discretion of sentencing judges in restricting internet access through overly broad conditions of supervised release. *See United States v. Eaglin*, 913 F.3d 88, 96 (2d Cir. 2019) ("In our view, *Packingham* nevertheless establishes that, in modern society, citizens have a First Amendment

4

right to access the internet."). But research turns up no case which applies *Packingham* retroactively to alter the provisions of a sentence that includes restrictions on internet access. The *Packingham* decision itself is silent on the issue. In striking down the North Carolina statute in the context of a direct appeal, it offered no ruling regarding the application of its ruling to habeas petitions brought by prisoners previously convicted under the provision.

The absence of a decision identifying *Packingham* as retroactive in its application is one of two reasons why the court accepts the decision of the Magistrate Judge that the § 2255 motion comes too late. The second reason is that the state statute in *Packingham* has little in common with the condition of release imposed at the time of Pilcher's sentencing. The North Carolina law outlawed access by registered sex offenders to access commercial websites which permitted access by minors. As the Supreme Court noted, membership in Amazon and most commercial sites was prohibited. In contrast, Pilcher's conditions related to internet access require him to provide his probation officer with requests concerning his subscription to internet and other communications services, provide an inventory of devices and a monthly log of access, develop a Computer Use Plan, and not use "cleaning" or "wiping" programs. These restrictions would not be addressed by a retroactive application of the *Packingham* ruling because they are far more narrow in their restrictions and requirements and because they apply only to defendants subject to supervised release, not all people designated as sex offenders.

The *Packingham* decision contains limiting language which permits restrictions on internet access. The challenged statute was "sweeping" and the Court's holding was narrowly drawn to invalidate that particular statute. 137 S. Ct. at 1737. The Court took care to emphasize that its "opinion should not be interpreted as barring a State from enacting more specific laws than the one at issue." *Id*. The Court also referenced "the troubling fact that the [challenged] law

5

imposes severe restrictions on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system." *Id.* The Supreme Court did not suggest that its holding applied more broadly than the immediate challenge to the North Carolina law, and, in particular, did not indicate an intent for the holding to apply to individuals currently serving any part of a criminal sentence. The court thus agrees with the Magistrate Judge that *Packingham* does not bring Pilcher's Motion within the § 2255(f)(3) exception for retroactive application.

Separately, Pilcher's Objection describes how he has sought and failed to obtain alternative remedies (Doc. 134 at 18), which could be construed as an objection to the Magistrate Judge's conclusion that the statute of limitations cannot be equitably tolled. However, the circumstances Pilcher describes pertain to events that occurred subsequent to the Supreme Court's decision in *Packingham*. Even if these events demonstrated that Pilcher "has been pursuing his rights diligently" and that "extraordinary circumstances" prevented timely filing of his Motion in the time since *Packingham* was decided (Doc. 131 at 8 (quoting *United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019)), Pilcher fails to document diligent pursuit and intervening extraordinary circumstances that prevented timely filing in the time between his conviction and 2017. Consequently, the court agrees with the Magistrate Judge that Pilcher is not entitled to equitable tolling.

### B.   Substantive Applicability of *Packingham*

Pilcher's final Objection to the R&R is the substantive legal argument, raised in his initial § 2255 Motion, that the Supreme Court's decision in *Packingham* renders the terms of his supervised release unconstitutional. (*E.g.*, Doc. 134 at 5–16.) Despite concluding that Pilcher's

6

Motion is untimely, the court evaluates Pilcher's substantive objection because it was considered in the alternative in the R&R and is raised again by Pilcher in his Objection.

For the reasons outlined above and in the Magistrate Judge's R&R, the court disagrees with Pilcher that "the terms of Pilcher's probation do exactly [what *Packingham* invalidated] and are just as unconstitutional as North Carolina's statute." (Doc. 134 at 13.) The terms of Pilcher's supervised release impose supervisory conditions on his access to the internet and use of computers for five years following his release from prison. These conditions contemplate the development of a computer use plan with his probation officer and other monitoring conditions, including a possible search. (Doc. 68 at 5.) The statute at issue in *Packingham*, in contrast, imposed a permanent and sweeping prohibition on internet use by individuals that continued after the conclusion of their criminal justice supervision. Based on the significance of these differences, the court agrees with the Magistrate Judge that *Packingham* provides no basis to vacate, correct, or set aside Pilcher's sentenceConclusion

The Report and Recommendation is accordingly AFFIRMED, APPROVED and ADOPTED. Defendant's motion to vacate, correct, or set aside his sentence (Doc. 104) is DENIED. The Government's motion to dismiss or deny (Doc. 118) is GRANTED. Defendant's motion to modify conditions of release (Doc. 126) and motion to reclassify (Doc. 132) are DENIED as moot.

Dated at Rutland, in the District of Vermont, this 14th day of December, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court